UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTIAN REA | No. 20 CR 316<br><br>Judge Thomas M. Durkin |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
OBJECTION TO PRE-SENTENCE REPORT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits its Sentencing Memorandum and Objection to the Pre-Sentence Report. The government requests the Court enter a sentence within the Sentencing Guideline range of 12 – 18 months.

**I.   PROCEDURAL HISTORY**

On April 12, 2021, an information was filed which charged the defendant with attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of official duties incident to and during the commission of a civil disorder, which in any way or degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce, to wit: throwing an explosive device at police officers and a police vehicle, in violation of Title 18, United States Code, Section 231(a)(3).

On December 21, 2021, the defendant pled guilty to the sole count in the information. Sentencing is currently scheduled for May 24, 2022.

## II.  FACTUAL BACKGROUND

On June 1, 2020, at 9:15 p.m., Naperville Police Officers ("NPD") responded to a civil disorder in a business district of Naperville, which involved dozens of individuals causing damage to the property of a variety of businesses. The civil disorder interfered with interstate commerce in that it caused a variety of businesses, that purchase and sell goods that move in interstate commerce, to close early. When the officers responded to the civil disorder they were in full uniform, alerting all that they were police officers engaging in the lawful performance of their official duties.

At approximately 9:40 p.m., the defendant threw a lit explosive or incendiary device in the proximity of the line of officers from the NPD Special Response Team, who were standing next to a NPD Special Response Team vehicle. Defendant threw the device intending to obstruct, impede, and interfere, in a violent manner, with the law enforcement officers.

The incendiary device was a firework in the shape of a ball. It is designed to be placed in a tube, take flight and explode in the air. Because of its design, the firework explodes twice - one smaller explosion designed to launch the firework out of the tube, and a second larger explosion designed to ignite in the air, theoretically high enough not to cause injuries to onlookers. The firework thrown by the defendant landed on the ground in front of a line of NPD officers before it exploded. The first explosion was seemingly benign but the second explosion injured some officers and caused officers to scramble.

### III. SENTENCING CALCULATIONS

It is the government's position that the base offense level is 10, pursuant to Guideline § 2A2.4(a) and that the base offense level is increased by two levels pursuant to Guideline § 2A2.4(b)(2) because a victim sustained bodily injury. The defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and as a result, his offense level should be reduced by two levels pursuant to Guideline § 3E1.1(a).

The Probation Report recommends that the base offense level be increased by three levels pursuant to Guideline § 2A2.4(b)(1)(B) – a dangerous weapon was possessed and its use was threatened. The applicability of this specific offense adjustment in this case is a very close call. There is no question that the firework was a dangerous weapon. *See United States v. Milliron*, 984 F. 3d 1188, 1196 (6th Cir. 2021) (in the proper circumstances, anything could be a dangerous weapon).

The three level enhancement was applied in *Milliron*, where the defendant "hurled glass bottles and other items toward the vehicles of the Marshals and local police," while leading the officers on a highspeed chase. *Id*. at 1191. Similarly, the enhancement was applied in *United States v. Fagundo*, 21 CR 195 (N.D.IL June 30, 2021), where the defendant brought fireworks and lighter fluid with him to Chicago, to join individuals in protest. Fagundo lit one of his fireworks and threw it through the open rear window of a police car with the intention of igniting the vehicle and disabling it.

In *Milliron* and *Fagundo*, the defendants conduct appeared to be pre-meditated and purposeful, which encompasses within it the implied desire to

3

threaten officers. In turning to Rea's conduct, it is the position of the government that, in this case, under these circumstances, where the defendant's conduct was instantaneous and spontaneous – he was handed the firework and he immediately threw it – that temporarily there was not a moment when he threatened the use of the dangerous weapon before actually using it. In other words, although this is a very close call, because Rea's conduct was not premediated and/or there was not a moment of first engaging with the police officers while holding the dangerous weapon before acting, then in this case, the government's position is that the enhancement does not apply.

If the Court agrees with the government's analysis, the defendant's total offense level is 10 and his criminal history category is I, resulting in a Guidelines range of 6 to 12 months.

IV. THE 3553(A) FACTORS SUPPORT A SENTENCE OF 71 MONTHS

As part of the sentencing process, the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) and impose a sentence that is sufficient, but not more than necessary, to achieve the goals of sentencing. In particular, Section 3553(a) requires the Court to consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) to afford adequate deterrence; (5) to protect the public from further crimes of the defendant; and (6) to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

### A.     Nature and Circumstances of the Offense

The government recognizes that there is no indication that the defendant traveled to downtown Naperville on June 1, 2020, with the intention of causing any property damage or injuries to third parties. This appears to have been a spontaneous act that was committed during a lapse of judgment by the defendant. Even so, while the act may have been spontaneous, it is clear, as evidenced by the video, that the defendant intended to throw the firework at the line of police officers.

As a result of the explosion, and as discussed in greater detail in the government's version, multiple NPD police officers suffered injuries to include repeated headaches, ringing in the ears, and vision loss. Many of the injuries lasted for months before they subsided and some of the injuries are likely to be permanent.

### B.     The History and Characteristics of the Defendant.

The defendant, 20 at the time of the offense, has no criminal history although he does have a pending case in DuPage County for criminal damage to property that occurred on the same night as the current offense. The defendant has also violated his conditions of pre-trial release multiple times due to his drug use.

### C.     Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence and Protect the Public

This was a serious offense. The defendant's actions caused several police officers to suffer debilitating injuries. The officers were stationed in downtown Naperville during protests and, through their presence, were attempting to ensure that the protests did not turn violent. The defendant, by throwing the firework

5

directly at the officers, not only caused injuries but as evidenced by the video, caused people in the streets to panic and run for cover. His actions could have sparked the crowd to engage in the very unlawful conduct the officers were there to prevent.

Moreover, by intentionally throwing the firework at police officers, the defendant demonstrated a lack of respect for the law. His sentence should reflect the need to promote that respect for the law (and law enforcement officers) and to serve as a deterrent against other individuals who have also acted with a reckless disregard for the safety of officers.

A guideline sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence. A guideline sentence will also assist in ensuring the goals of fair and uniform sentencing. The U.S. Sentencing Guidelines are designed to lend consistency and fairness to sentencing and are "the product of careful study based upon extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46-47 (2007). Thus, a sentence within the guidelines range will serve to minimize unwarranted disparities between defendant and similarly situated defendants.

V.   **Restitution**

As a result of the injuries to the officers, the city of Naperville incurred $13,585.66 in workers' compensation medical payments.

**VII. Supervised Release Conditions**

The government agrees with the recommendations for conditions of supervised release in the PSR. The government requests that the Court impose a term of three years of supervised release.

## Conclusion

For the reasons set forth above, and in consideration of the factors enumerated in 18 U.S.C. § 3553(a), the government concurs with the defendant's recommendation and respectfully requests that the Court impose a sentence within the sentencing guideline range of 12 to 18 months, to be followed by a period of three years of supervised release.

Dated: May 9, 2022

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ Barry Jonas
BARRY JONAS
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-8027