**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) No.: 20 CR 316 |
| | ) |
| | ) |
| **CHRISTIAN REA,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the Defendant CHRISTIAN REA, by and through his attorney,

Timothy R. Roellig, and hereby submits this sentencing memorandum and respectfully requests

this Honorable Court, in accordance with the plea agreement and the factors enumerated in Title

18 U.S.C. §3553, to sentence him to a reasonable sentence of a term of probation, to include

home confinement rather than incarceration.  In support thereof, the Defendant states the

following:

INTRODUCTION

On April 12, 2021, an information was filed charging Mr. Rea with an offense under 18

U.S.C. 231(a)(3), civil disorder, for attempting to obstruct, impede, and interfere with a law

enforcement officer lawfully engaged in the lawful performance of official duties incident to and

during the commission of a civil disorder, for throwing a lit commercial firework toward a group

of Naperville police officers during a George Floyd demonstration on June 1, 2020, after the

crowd had been ordered to disperse.  On December 21, 2021, the defendant pled guilty to the

sole count in the information. Sentencing is currently scheduled for May 24, 2022.

LEGAL STANDARD

1

When sentencing a defendant, the district court first must calculate a sentencing range under the Sentencing Guidelines. *Kimbrough v. United States*, 552 U.S. 85 (2007). However, the Guidelines are entirely advisory. *United States v. Booker*, 543 U.S. 220 (2005). The primary directive in §3553(a), as emphasized by the Supreme Court in *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), is for sentencing courts "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing." *Rita*, 127 S. Ct. at 2469. In addition to reflecting on the purposes of sentencing and the Guidelines' recommendations, §3553(a) requires courts to consider, among other things: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and pertinent policy statements. 18 U.S.C. §3553(a).

The court may not presume that the Advisory Sentencing Range is reasonable or correct and may not grant it more weight than of the other sentencing factors under 18 U.S.C. 3553(a). *Kimbrough*, 552 U.S. at 90 (Guidelines, formerly mandatory, now serve only as one factor among many that courts must consider.). Moreover, there is no presumption that a Guideline Sentence should be imposed. *United States v. Ross*, 501 F.3d 851 (7th Cir. 2007). The district court must fashion a sentence "based on § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenamier*, 491 F.3d 680, 685 (7th Cir. 2007). A sentencing court does not need extraordinary circumstances to impose a non-Guideline sentence. *Gall v. United States*, 552 U.S. 85 (2007). A district court judge's "freedom to impose a reasonable sentence outside the range is unfettered." *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). Considering the applicable factors set forth in §3553 the Defendant submits a sentence to a term of probation, with a term of home confinement, is appropriate in this case.

Such a sentence would still be "sufficient but not greater than necessary" to comply with all of the various sentencing considerations.

<u>GUIDELINE CALCULATION</u>

The defense agrees with the Government: the base offense level is 10, pursuant to §2A2.4(a) and that the base offense level is increased by two levels pursuant to Guideline § 2A2.4(b)(2) because a victim sustained bodily injury. (Doc. 65, Gov. Sentencing memo, pg. 3) The PSR recommends that an additional three levels should be added pursuant to § 2A2.4(b)(1)(B), where a dangerous weapon was possessed and its use was threatened. The author's reasoning is that because the firework actually harmed the officers – rather than merely threatening them with harm—the additional three levels are applicable. Again, the defense agrees with the Government's analysis: since Mr. Rea did not bring the firework to the protest, and threw it spontaneously without first threatening the officers, the enhancement should not apply. (Doc. 65, pg. 3-4) Thus, after deducting two points for acceptance of responsibility, the resulting Guideline range is 6-12 months, as the Defendant is a Category I offender, and falls with Zone B of the Sentencing Table. Under Zone B, "…the minimum term may be satisfied by—…(3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e)." § 5C1.1(c)(3) We are requesting just such a sentence.

<u>3353 FACTORS</u>

i) *Nature of the offense.*

The Defendant acknowledges that he committed a serious offense: although acting spontaneously in deciding to throw the firework at all, he intended to throw the firework toward

the officers. Because of his decision to do so, several officers suffered temporary injuries to their sight and their hearing. One officer has suffered hearing loss and tinnitus that appears permanent. Mr. Rea has acknowledged what he did and has expressed, in a letter to the officers, that he deeply sorry for his actions and the harm he caused the officers. (See Doc. 68, letter to officers from Christian Rea) It is also true that Mr. Rea did not plan the incident, and did not bring the firework with him. The scene in downtown Naperville on the evening in question was, as the video shows, chaotic, with several people in the crowd throwing fireworks – albeit less powerful ones that at issue here – in the vicinity of the police. Mr. Rea acted of his own volition, and is taking responsibility for his actions, but he was also influenced by the norm-shattering acts of the crowd.

ii) *History and characteristics of the Defendant.*

Mr. Rea committed this offense when he was 20 years old. He had no criminal history prior to June 1, 2020. The FBI and other law enforcement agencies did a thorough investigation in this case, and it revealed no history of anti-government or anti-police involvement by Mr. Rea, whether online or anywhere else. He does have a pending property damage case pending in DuPage arising out of the same civil unrest on the night of June 1, 2020.

Mr. Rea, according to a psychological exam conducted at Northwestern, is borderline to low average intelligence for his age, and exhibited poor executive functioning and impulse control, all factors that likely contributed to his participation in the offense conduct. (PSR, ¶ 46-47) Mr. Rea's use of cocaine while on pretrial release in this case was, clearly, troubling. He did not tell this court the truth about his use on multiple occasions, a disturbing fact that appeared related to his inability to admit to himself that his drug use was a problem. Thankfully, he has been attending drug counseling in Aurora since October of 2021 that has helped him and he has

not had a positive test since December of 2021.  In addition, he has tried to better himself during the pendency of this case: he has began the GED testing process.

As the letters from his family and friends attest, he is well loved and supported.  His parents and siblings have promised to continue to support him no matter the outcome of this sentencing.  Christian also has a job waiting for him at Exterior 1, a roofing company, that his current home confinement terms has prevented him from taking.  (Doc. 68, pg. 5) Given the restitution that he will owe in this case, we respectfully request a sentence that allows him to work and repay his debts as soon as possible.

iii) *Need for the sentence to reflect the seriousness of the offense/respect for law/just punishment/adequate deterrence/protect the public.*

A term of probation with home confinement would meet the other 3553 requirements. Throwing a commercial grade firework toward a line of officers is a serious offense.  It harmed the officers and caused one likely permanent damage to his hearing.  The loud boom that it produced clearly caused some of the individuals still remaining at the unrest to flee and disperse in an unruly manner.  It is also clear that while Mr. Rea's action contributed to the unrest, several other actors, unconnected to Mr. Rea, where also causing mayhem that fueled the unrest.  Mr. Rea was not an organizer of the unrest, or a regular agitator with a record of disrespecting the law, or a person holding any beliefs that call into question the legitimacy of the government or law enforcement.  His is what he presents to be: a far from perfect blue collar kid from a hard working immigrant family.   He is so far removed from a motivated agitator that without the crucible of the civil unrest occurring that night, it is hard to imagine Mr. Rea committing the acts he did on June 1, 2020.  As a result, he is unlikely to repeat the offense conduct.   As a result of his actions in this case, Mr. Rea will end up with a felony conviction, several years of pretrial release supervision and either probation or MSR time, as well as a significant amount of

restitution.  Give those consequences, we believe that a reasonable sentence would be a term of probation with a period of home confinement with movement for work, as well as the other conditions recommended by probation.

CONCLUSION

Mr. Rea is truly sorry for his actions in this case and the harm caused to the officers.  We respectfully request a sentence of probation with home confinement with conditions.

Respectfully submitted,

S/Timothy R. Roellig/May 10, 2022
**NOVELLE & ROELLIG, LLC**
**TIMOTHY R. ROELLIG**
Attorney for the Defendant
47 W. Polk, Suite M11
Chicago, IL 60605
312-786-1100 Office
312-786-1102 Facsimile
Email: timothy.roellig@earthlink.net
Secondary:
jv.novelleroellig@earthlink.net

**<u>CERTIFICATE OF SERVICE</u>**

I, Maria Ramos, certify that the above has been e-filed via the courts ECF filing system on this May 10, 2022 and that a hand delivered copy of the above and foregoing has been delivered to the Honorable Judge Thomas M. Durkin.

S/Maria Ramos/May 10, 2022
**MARIA RAMOS**